*1021 TEXTO COMPLETO DE LA RESOLUCION
El 21 de febrero de 1997 el peticionario, Sr. Ramón L. Pardo Cosme, presentó recurso de certiorari interesando la revisión de una Resolución del Tribunal de Primera Instancia, Sala Superior de Bayamón, dictada el 23 de enero y notificada el 7 de febrero de 1997. Mediante la misma, se declaró no ha lugar la moción de supresión de evidencia del peticionario.
Posteriormente, el 28 de febrero el peticionario nos solicitó la paralización de los procedimientos ante el tribunal recurrido, en auxilio de nuestra jurisdicción, tomando en cuenta que la vista en sus méritos de los casos que se siguen contra él están señalados para el 5 de marzo del corriente.
Procedemos a denegar el auto de certiorari y declarar no ha lugar la solicitud para que se paralicen los procedimientos ante el foro de primera instancia, toda vez que la situación de hechos planteada no es la más indicada para el análisis de las controversias; además, en la etapa del procedimiento en que se presentan las mismas, no es la más propicia para su consideración. Veamos.
De acuerdo a la petición de certiorari y la Resolución recurrida, el 23 de enero de 1997 se celebró una vista de supresión de evidencia ante el tribunal recurrido. En ésta, declaró el policía municipal, Javier Rivera Vázquez, quien expuso que se encontraba dando una ronda preventiva en horas de la mañana en compañía de la mujer policía, Sandra, cuando vio salir de un pastizal a un hombre que identificó como el peticionario. Indicó que el Sr. Pardo Cosme llevaba un abanico, prácticamente nuevo. Que detuvo la patrulla que conducía y le preguntó de dónde había sacado el abanico y si lo había sacado de la iglesia. El peticionario le contestó que entró al pastizal a hacer sus necesidades fisiológicas y allí encontró el abanico. Que no lo había sacado de la iglesia.
Surge, además, de los escritos antes mencionados, que el guardia municipal Rivera Vázquez declaró que en ese momento arrestó al peticionario y le ordenó que se levantara la camisa. Le ocupó un cuchillo que éste tenía en el pantalón.
Lo montó en la patrulla y lo condujo hasta la capilla que se encuentra a unos a 100 pies del lugar en que lo detuvo. Al llegar a la iglesia, vio que la puerta de la parte posterior estaba forzada. Entró y no vio nada fuera de lo normal. Esperó unos veinte (20) minutos, hasta que llegó el párroco de la iglesia, quien identificó el abanico como uno de los de la parroquia.
De acuerdo al escrito de certiorari, el guardia municipal Rivera Vázquez admitió que no le hizo advertencia legal alguna al peticionario antes de interrogarlo y arrestarlo.
Luego de escuchar el testimonio del guardia municipal, el tribunal de primera instancia emitió una Resolución declarando no ha lugar la solicitud de supresión de evidencia presentada por el peticionario. Basó su decisión en lo dispuesto en la Regla 11, inciso (c) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R 11(c), la cual establece que puede efectuarse un arresto, sin la orden correspondiente, cuando el funcionario del orden público tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito grave (felony), independientemente de que dicho delito se hubiere cometido o no en realidad. Resuelve, además, el tribunal recurrido que de las circunstancias observadas por el policía, era razonable pensar por una persona ordinaria y prudente que éste había cometido un delito.
No conforme con la anterior decisión, el peticionario recurre ante este Foro, señalando que erró el tribunal de primera instancia al declarar sin lugar su solicitud de supresión de evidencia. Argumenta que el registro o incautación fue ilegal y que el policía municipal no tenía base razonable o motivos fundados para creer que se estaba violando la ley o que se había cometido o se fuera a cometer un *1022 delito.
Indudablemente, para hacer una adjudicación justa y razonable de los planteamientos del peticionario en este caso en particular, frente a los intereses de El Pueblo de Puerto Rico, es necesario contar con una exposición narrativa o transcripción del testimonio del agente del orden público, la que no se nos ha provisto. Así, conoceríamos todos los factores circunstanciales y objetivos que dieron lugar a la acción del agente del orden público, impugnada por el peticionario. Cabe señalar, que la resolución del tribunal recurrido fue notificada el 7 de febrero de 1997 y la moción en auxilio de jurisdicción se presentó el 28 de febrero de 1997, escasamente tres (3) días laborables con anticipación a la vista señalada para el juicio en sus méritos.
Por otro lado, tomando en consideración que la referida vista está próxima a celebrarse, resolvemos, en el ejercicio de nuestra discreción, que el recurso y la moción en auxilio de jurisdicción no se han presentado en la etapa más propicia para dilucidar las controversias y que debamos paralizar los procedimientos ante el tribunal recurrido, en lo que se prepara la exposición narrativa o la transcripción del testimonio del agente del orden público. Nada impide que una vez se celebre el juicio, el peticionario plantee ante nos, de ser necesario, el error señalado en el recurso de certiorari y lo examinemos contando con todas las circunstancias relevantes para dirimir y resolver el mismo.
Por las consideraciones anteriores y conforme a los criterios establecidos en la Regla 40 (B) y (E) del Reglamento del Tribunal de Circuito de Apelaciones para la expedición del auto de certiorari, se deniega éste. Se declara no ha lugar la solicitud en auxilio de jurisdicción para paralizar los procedimientos ante el tribunal de primera instancia.
Notifíquese inmediatamente a las partes y al tribunal recurrido, por teléfono, facsímil y la vía ordinaria.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General